**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE**

| | |
|---|---|
| RYAN SLOWIK AND VALERIE SLOWIK<br>Individually and on behalf of their minor<br>Children, A.S. AND T.S.<br><br>　　　　Plaintiffs<br><br>v.<br><br>KEITH LAMBERT and SHELLI LAMBERT<br><br>　　　　Defendants | *<br>*<br>*<br>*<br>*<br>*<br>*　　　No. 3:19-cv-501<br>*<br>*<br>*<br>* |

**REPORT OF THE PARTIES' FED. R. CIV. P. 26(f) PLANNING MEETING**

1.　　Pursuant to this Court's April 29, 2020 Order [ECF Doc. No. 30], the Parties participated in a telephonic Fed. R. Civ. P. 26(f) planning meeting on May 25, 2020. Scott Hickerson participated on behalf of the Plaintiffs Ryan Slowik ("Mr. Slowik") and Valerie Slowik ("Mrs. Slowik"), individually and on behalf of their minor children, A.S. and T.S. (collectively "Plaintiffs"), and Nina Eiler participated on behalf of the Defendants Keith Lambert ("Mr. Lambert") and Shelli Lambert ("Mrs. Lambert") (collectively "Defendants").

2.　　**JURISDICTION AND VENUE.** The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332, and venue is appropriate for the United States District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. § 1391.

3.　　**BRIEF THEORIES OF THE PARTIES.**

　　　a)　Plaintiffs' Synopsis of Case: On July 24, 2019, then-acting Assistant Chief of Police for the University of Tennessee Police Department Keith Lambert parked his unmarked police cruiser in Ryan and Valerie Slowik's driveway so as to block their vehicles and prevent their departure. He then exited his vehicle and, uninvited, entered the garage of the Slowiks' home, brandishing his pistol. Despite the presence of numerous items which would indicate this was

1

not his home, including a refrigerator, balls, toys, and a pink bicycle, Keith Lambert confronted the Slowiks and their minor children in their own garage. Keith Lambert repeatedly yelled that he was a "cop" and screamed obscenities at the family, commanding them to comply with his requests, and caused the Slowiks to reasonably fear for their lives. After he eventually left the Slowiks' residence, Keith Lambert called his wife, Shelli Lambert, a Captain in the records office of the Sheriff's department. In an unmarked Sheriff's cruiser, Shelli Lambert drove to the house where Keith Lambert was hiding and drove him away from the scene before law enforcement arrived, thus avoiding having to undergo drug and alcohol screening. The next day, Shelli Lambert used her position at the Sheriff's office to review reports of pending investigations to see if Keith Lambert had been reported. Only after Shelli Lambert confirmed that there was an open investigation with the Sheriff's Department's Serious Crimes Unit did Keith Lambert report the incident. Keith and Shelli Lambert's conduct resulted in the loss of potential evidence regarding Keith Lambert's mental state on July 24, 2019. Keith and Shelli Lambert injured the Slowiks and violated their constitutional rights, and inflicted pain and suffering, emotional distress, and mental anguish on them and their minor children.

b) <u>Defendants' Synopsis of Case</u>: This action arises out of a July 24, 2019, incident in which Mr. Lambert, who was then the Assistant Chief of Police for the University of Tennessee Police Department, mistakenly entered the Plaintiffs' driveway believing it to be his. After a brief confrontation between Mr. Lambert and the Plaintiffs, Mr. Lambert realized he was at the wrong address, apologized to the Plaintiffs, and left to go to his recently purchased home in the same cul-de-sac. Mrs. Lambert was not present during the alleged incident on July 24, 2019.

  i. <u>Mr. Lambert</u> – Mr. Lambert has filed a Partial Motion to Dismiss six of the claims against him [ECF Doc. No. 15]: Count I – Violations of 42 U.S.C. § 1983; Count III – Violations of 42 U.S.C. § 1983 – Conspiracy; County V – Negligence *Per Se*; Count IX – Invasion of Privacy; Count XIII – Spoliation; and Count XIV – Civil Conspiracy. Two of these claims, spoliation and portions of the negligence *per se*, do not provide for a private cause of action. To the extent that the claims against Mr. Lambert are not dismissed, he will be asserting a qualified immunity defense.

  ii. <u>Mrs. Lambert</u> – Mrs. Lambert has filed a Motion to Dismiss all of the claims against her [ECF Doc. No. 17]: Count II – Violations of 42 U.S.C. § 1983; Count III – Violations of 42 U.S.C. § 1983 – Conspiracy; Count VI – Negligence *Per Se*; Count X – Negligent Infliction of Emotional Distress; Count XIII – Spoliation; and Count XIV – Civil Conspiracy. Two of these claims, spoliation and negligence *per se*, do not provide for a private cause of action.

2

4. **INITIAL DISCLOSURES.** Pursuant to Fed. R. Civ. P. 26(a)(1), the Parties will exchange initial disclosures on or before July 1, 2020.

5. **DISCOVERY PLAN.** The Parties propose the following discovery plan:

   a) <u>Scope of Discovery</u>: The Parties intend to conduct general written discovery and depositions of the Parties, experts, fact witnesses, governmental entity witnesses, and damage witnesses.

   b) <u>Discovery Deadlines</u>: The Parties shall commence discovery upon the exchange of initial disclosures. All discovery shall be completed no later than 120 days before trial. Discovery is not stayed during dispositive or other motions, unless ordered by the Court.

   c) <u>Interrogatories</u>: Pursuant to Fed. R. Civ. P. 33, a Party may submit a maximum of 25 interrogatories to the opposing Party unless otherwise agreed to among the parties or approved in accordance with Fed. R. Civ. P. 33. Responses to interrogatories shall be submitted no later than thirty days after service unless the Parties agree to extend this deadline.

   d) <u>Requests for Admission</u>: A Party may submit an unlimited number of requests for admission to the opposing Party. Pursuant to Fed. R. Civ. P. 36, responses to requests for admission shall be submitted no later than thirty days after service unless the Parties agree to extend this deadline.

   e) <u>Depositions</u>: At this time, the Parties are unsure as to how many depositions will be needed but will work together to comply with Fed. R. Civ. P. 30.

   f) <u>Deposition Limits</u>: Pursuant to Fed. R. Civ. P. 30, depositions will be limited to seven hours per deposition, exclusive of breaks, unless otherwise stipulated or ordered by the Court.

   g) <u>Expert Witnesses</u>: The Plaintiffs shall identify and disclose all expert witnesses and expert reports no later than 180 days before trial. The Defendants shall identify and disclose all expert witnesses and reports no later than 150 days before trial. Rebuttal experts shall be permitted only by leave of Court. Unless otherwise provided for in a separate pretrial order, supplemental expert disclosures, which specifically include, but are not limited to, any supplemental information to expert reports, must be made in accordance with Rule 26(a) and (e).

   h) <u>Fed. R. Civ. P. 26(e)</u>: Any supplementations under Fed. R. Civ. P. 26(e) shall be submitted no later than 60 days before trial.

6. **OTHER ITEMS**.

   a) <u>Scheduling Conference</u>: A Scheduling Conference is scheduled for May 27, 2020.

   b) <u>Pending Motions</u>: On March 6, 2020, Mr. Lambert filed a Partial Motion to Dismiss [ECF Doc. No. 15] and Mrs. Lambert filed a Motion to Dismiss [ECF Doc. No. 17]. These Motions are currently pending with this Court.

   c) <u>Claims of Privilege or Protection</u>: The parties will agree to an order regarding claims of privilege or protection as trial preparation material asserted after production as follows: The parties anticipate that issues regarding claims of privilege and protection may arise during the course of discovery. Parties may request to "claw-back" any materials based on a claim of privilege or protection at any time prior to the close of discovery, and the party to whom the request is directed must destroy the material; any portion of work product that summarizes the contents of the material; and any electronic copies thereof within ten (10) business days of the request, with a confirmation to the requesting party that such destruction/deletion has been accomplished. A privilege/protection log, in compliance with Rule 26, must accompany any "claw-back" request. Any challenge to the requesting party's claims of privilege or protection shall be in the form of a motion to compel.

   d) <u>Other Orders</u>: To the extent that certain records of the Plaintiffs or Defendants will be sought in discovery, including but not limited to healthcare records, employment records, and/or military records, a protective order and/or confidentiality order that, among other things, limits the use of such records to the instant litigation and requires the destruction of the same at the conclusion of this case is appropriate.

   e) <u>Pretrial Conference</u>: The Parties request a pretrial conference approximately two weeks before trial.

   f) <u>Amendments and Joinder (Plaintiffs)</u>: The Plaintiffs will amend all pleadings and/or join any parties no later than 120 days before trial.

   g) <u>Amendments and Joinder (Defendants)</u>: The Defendants will amend all pleadings and/or join any parties no later than 90 days before trial.

   h) <u>Dispositive Motions</u>: Dispositive motions shall be filed no later than 90 days before trial. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages.

i) <u>Prospect of Settlement</u>: The Parties are willing to participate in a mediation but cannot state a settlement prospect at this time.

j) <u>Possible Resolution Methods</u>: The Parties are willing to participate in a mediation.

k) <u>Fed. R. Civ. P. 26(a)(3)(B) Disclosures</u>: Pursuant to Fed. R. Civ. P. 26(a)(3)(B), the Parties will submit witness lists, designations of witnesses whose testimony will be presented by deposition, and exhibit lists ("pretrial disclosures") no later than 30 days before trial.

l) <u>Objections under Fed. R. Civ. P. 26(a)(3)(B)</u>: Pursuant to Fed. R. Civ. P. 26(a)(3)(B), the Parties will file any objections within 14 days of receiving pretrial disclosures.

m) <u>Trial</u>: The jury trial of this action is expected to last approximately 4 days. A trial date no earlier than Spring of 2021 is respectfully requested.

n) <u>Electronic Discovery</u>: Electronic discovery is a possibility in this case. The Parties will work together to comply with any applicable rules and orders regarding electronic discovery.

o) <u>Notice of Non-Consent</u>: The Parties filed a Notice of Non-Consent on April 24, 2020 [ECF Doc. No. 29].

Submitted this the 25th day of May 2020.

/s/ W. Scott Hickerson
Gregory Brown   BPR # 027944
Christopher Field BPR # 028070
W. Scott Hickerson BPR # 026369
Lowe Yeager & Brown, PLLC
900 S. Gay Street, Suite 2102
Knoxville, Tennessee  37902
gb@lyblaw.net
ccf@lyblaw.net
wsh@lyblaw.net
Phone (865) 521-6527
*Attorneys for Plaintiffs*

/s/ Matthew J. Evans
Matthew J. Evans   BPR #017973
Nina M. Eiler   BPR #033457
Kay Griffin, PLLC
900 S. Gay Street, Suite 1810
Knoxville, TN 37902

Matthew.evans@kaygriffin.com
Neiler@kaygriffin.com
Phone (865) 314-8422

/s/ Gary M. Prince
Gary M. Prince BPR #010091
O'Neil Parker & Williamson, PLLC
7610 Gleason Drive, Suite 200
Knoxville, Tennessee 37919
gprince@opw.com
Phone (865) 546-7190

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been properly served via electronic mail and/or United States mail, postage prepaid, upon the following:

Gregory Brown, Esq.
Christopher Field, Esq.
W. Scott Hickerson, Esq.
Lowe Yeager & Brown, PLLC
900 S. Gay Street, Suite 2102
Knoxville, Tennessee 37902

This the 25th day of May 2020.

**KAY GRIFFIN, PLLC**

By: /s/Matthew J. Evans
    Matthew J. Evans