UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RYAN SLOWIK and VALERIE SLOWIK, individually and on behalf of their minor children, A.S. and T.S.,<br><br>    Plaintiffs,<br><br>v.<br><br>KEITH LAMBERT and SHELLI LAMBERT,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  No. 3:19-CV-501-DCLC-DCP<br>)<br>)<br>)<br>) |

## ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

The parties appeared before the Court on January 22, 2021, pursuant to the discovery dispute provision outlined in the Scheduling Order. *See* [Doc. 35 at 2]. Attorneys Gregory Brown and William Hickerson appeared on behalf of Plaintiffs. Attorneys Matthew Evans, Gary Prince, and Nina Eiler appeared on behalf of Defendants. The parties raised the following discovery issues: Defendants' request for Plaintiff Valerie Slowik's mental health records, Defendants' request for electronic evidence, and Plaintiffs' request for Defendants' medical history.

With respect to Defendants' request for Plaintiff Valerie Slowik's mental health records, Defendants clarified during the discovery dispute conference that they had requested all Plaintiff Valerie Slowik's mental health records, including any counseling Plaintiff Valerie Slowik received, for the past ten (10) years. Plaintiffs responded that they had produced Plaintiff Valerie Slowik's mental health records and that Plaintiff Valerie Slowik did not treat with any mental health providers for the incident alleged in the Complaint. Plaintiffs agreed to supplement their discovery responses by clarifying whether Plaintiff Valerie Slowik has had any treatment for mental or emotional health, including treatment not related to the incident, within the last ten (10)

years. Defendants agreed to seek confirmation from Plaintiff Valerie Slowik during her deposition that she produced all requested mental and emotional health records. Accordingly, the Court **ORDERS** Plaintiffs to supplement their discovery responses within fourteen (14) days of the instant Order.

Next, Defendants submitted that they believed Plaintiffs deleted certain electronic evidence (i.e., video(s) and a social media post). With respect to the video(s), Defendants explained that Plaintiffs' neighbor's home security camera captured the incident. Plaintiff Valerie Slowik obtained the footage from the neighbor's home security camera and saved it to her cell phone. Plaintiff Valerie Slowik then provided the footage from her cell phone to a deputy who investigated the incident alleged in the Complaint. Defendants explained that they received two videos from the deputy, but the videos are not consecutively numbered, making it appear that a video, or portions thereof, are missing. Plaintiffs responded that Plaintiff Valerie Slowik uploaded the home security system footage to her cell phone and sent the footage, via AirDrop, to the deputy. Plaintiffs stated that the footage is no longer on Plaintiff Valerie Slowik's cell phone, and they are not sure what happened to the footage, despite conducting a forensic examination of the cell phone.

It appears to the Court that while the parties have generally discussed the video(s), the parties have not participated in a meaningful meet and confer to discuss the specific issues. For instance, it did not appear that Defendants discussed with Plaintiffs the questions about consecutive numbering, or lack thereof, on the videos Defendants received. In addition, it is not clear whether the consecutive numbering is a feature of the home security system, Plaintiff Valerie Slowik's cell phone, or the way in which Plaintiff Valerie Slowik sent the videos to the deputy (i.e., AirDrop). Further, it is not clear to the Court whether either party has discussed with the neighbor the manner in which the home security system saves footage or whether the original footage still exists. Finally, it is not clear whether Plaintiffs discussed with Defendants the results

of the forensic examination of Plaintiff Valerie Slowik's cell phone. In order to have fruitful discussions, these are some of the issues the parties need to discuss. Accordingly, the parties are **ORDERED** to meet and confer with respect to the video(s) within fourteen (14) days of the instant Order. If the issues relating to the video(s) are unresolved after the meet and confer, the Court **GRANTS** the parties leave to file motions.

With respect to the social media post, Defendants stated that originally Plaintiff Valerie Slowik denied authoring any social media posts about the alleged incident. Defendants later learned that Plaintiff Valerie Slowik deleted a comment about the incident that she had authored on Facebook. Defendants requested that Plaintiff Valerie Slowik provide a detailed accounting of all social media posts relating to the alleged incident. Plaintiffs responded that Plaintiff Valerie Slowik simply did not recall authoring a post because she deleted it immediately after posting it to Facebook. Plaintiffs suggested that Defendants explore this topic during Plaintiff Valerie Slowik's deposition. The Court agreed that the best course of action is to explore Plaintiff Valerie Slowik's social media activity during her deposition. If there are any unresolved issues about Plaintiff Valerie Slowik's social media activity following her deposition, the Court **GRANTS** the parties leave to file motions.

Finally, Plaintiffs requested Defendants' medical history, arguing that it is relevant to the instant lawsuit. Specifically, Plaintiffs argued that Defendant Keith Lambert's medical history is relevant because during the incident, he seemed impaired. Plaintiffs stated that they would like to discover whether Defendant Keith Lambert has a history of alcohol or drug use. In addition, Plaintiffs argued that during an interview, Defendant Keith Lambert claimed that his colorblindness contributed to the events alleged in the Complaint. Defendants responded that Plaintiffs' discovery requests are not narrowly tailored, especially with respect to temporal scope. In addition, Defendants argued that there is no evidence that Defendant Keith Lambert was

impaired and that any allegation to the contrary is speculation. Defendants stated that they were not sure whether Defendant Keith Lambert's colorblindness is noted in his medical records.

During the telephone conference, the Court instructed the parties to meet and confer regarding whether Defendant Keith Lambert's medical history or medical conditions, if any, are relevant to the issues in this case. The Court also instructed the parties to further discuss the appropriate timeframe that such medical information, if any, may be relevant. After the parties have met and conferred, if there are any remaining issues regarding Defendant Keith Lambert's medical history and/or medical conditions, the Court **GRANTS** the parties leave to file motions.

With respect to Defendant Shelli Lambert's medical history, Plaintiffs explained that during an interview about the incident, Defendant Keith Lambert claimed that he was stressed because of his wife's medical issues. Defendants responded that Defendant Shelli Lambert was not present during the incident and that her medical history is not relevant to the issues in this case. The Court noted that without more facts, Defendant Shelli Lambert's medical history is unlikely relevant. Plaintiffs agreed that the appropriate course of action is to ask Defendant Keith Lambert during his deposition whether he was relying on Defendant Shelli Lambert's medical condition as an explanation for his behavior during the incident. After taking Defendants' depositions, if the parties still do not agree as to the relevancy of Defendant Shelli Lambert's medical history, the Court **GRANTS** the parties leave to file motions.

**IT IS SO ORDERED**.

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge