# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| RYAN SLOWIK AND VALERIE SLOWIK | * |
| Individually and on behalf of their minor | * |
| Children, A.S. AND T.S. | * |
| | * |
| Plaintiffs | * |
| | * |
| v. | *    No. 3:19-cv-501 |
| | * |
| KEITH LAMBERT and SHELLI LAMBERT | * |
| | * |
| Defendants | * |

## DEFENDANTS' REPLY TO THE PLAINTIFFS' RESPONSE TO MOTION TO STRIKE

The Defendants, Keith Lambert ("Mr. Lambert") and Shelli Lambert ("Mrs. Lambert") (collectively the "Defendants"), submit this Reply to the Plaintiffs' Response to Motion to Strike [ECF Doc. No. 53]. Pursuant to Fed. R. Civ. P. 26 and 37, the Defendants hereby move the Court to exclude from consideration Dr. Eric Engum's Report incorporated into the Plaintiffs' Reply to the Defendants' Response to the Plaintiffs' Motion for Protective Order ("Protective Order Reply") [ECF Doc. No. 49] and attached as an Exhibit to the Protective Order Reply [ECF Doc. No. 49-1].[1] The Defendants acknowledge that the Plaintiffs have filed a Notice of Voluntarily Dismissal. However, the Defendants respectfully move this Court to rule on this pending Motion. In support of this Reply, the Defendants aver:

Fed. R. Civ. P. 26(a)(1) requires that a party must provide to the other parties the name and, if known, the address and telephone number of each individual likely to have discoverable

---

[1] The Defendants amend their motion to remove Fed. R. Civ. P. 12(f) and to specifically identify Fed. R. Civ. P. 26 and 37. The Defendants already made arguments related to the duty to disclose (Fed. R. Civ. P. 26) but failed to specifically list "Fed. R. Civ. P. 26" in their Motion to Strike.

information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses. Fed. R. Civ. P. 26(a)(2) requires that a party, in addition to the disclosures required by Fed. R. Civ. P. 26(a)(1), must disclose to the other parties the identity of any witness it may use at trial to present evidence under Fed. R. Evid. 702, 703, and 705. Parties have a requirement pursuant to Fed. R. Civ. P. 26(e) to supplement their disclosures.

Pursuant to Fed. R. Civ. P. 37(c):

(c) FAILURE TO DISCLOSE, TO SUPPLEMENT AN EARLIER RESPONSE, OR TO ADMIT.

> (1) *Failure to Disclose or Supplement.* If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), **the party is not allowed to use that** information or **witness to supply evidence on a motion**, at a hearing, or at a trial, unless the failure was substantially justified or is harmless…

Fed. R. Civ. P. 37(c) (emphasis supplied).

At this point, the Plaintiffs are now expecting this Court and the Defendants to (1) waive the Plaintiffs' disclosure requirements pursuant to Fed. R. Civ. P. 26(a) and (e); and (2) take Dr. Engum's "professional opinions" as true even though the Plaintiffs allege that "they have no intention of using his testimony at trial." The Plaintiffs' baseless expectations are exactly why this Court should strike Dr. Engum's Report and any references to the Report contained in the Protective Order Reply.

First, the Plaintiffs argue state that "Dr. Engum is not a witness whom the Slowiks intend to use at trial, and therefore they had no obligation to disclose him prior to filing his report in support of the Slowiks' Motion for Protective Order (ECF Doc. 47)." [ECF Doc. No. 53, Page ID# 551]. The Plaintiffs are is incorrect.

Fed. R. Civ. P. 26(a) and (e) expressly require parties to disclose any individuals likely to have discoverable information along with the subjects of that information. The Plaintiffs have not provided any support to show that they are exempt from following the Federal Rules of Civil Procedure. Rather, the Plaintiffs' admitted failure to disclose Dr. Engum in accordance with Fed. R. Civ. P. 26(a) or (e) should prohibit them from using him as a witness in support of their Motion for Protective Order

since the failure was unjustified and resulted in prejudice to the Defendants by negating their ability to challenge and evaluate Dr. Engum's opinions.[2]

Second, the Plaintiffs are demanding that this Court use Dr. Engum's professional opinion to grant their Motion for Protective Order while simultaneously arguing that Dr. Engum is not treating the Plaintiffs or offering expert opinions. The Plaintiffs cannot have it both ways.

Specifically, the Plaintiffs' argue that "Engum's report bears a clear relationship to the controversy" and "the report is directly relevant to the Slowiks' Motion for Protective Order" [ECF Doc. No. 53, Page ID# 549]. The Plaintiffs then state that "To support their motion, the Slowiks have submitted the report of Dr. Engum, a neuropsychologist **whose professional opinion** is based on the Slowiks' counseling records, a thorough understanding of PTSD, and the observations of the Slowiks' counsel during preparation for the depositions." [ECF Doc. No. 53, Page ID# 549]. Despite emphasizing the importance of Dr. Engum's Report and professional opinions, the Plaintiffs then state that they do not intend to use Dr. Engum as an expert at trial. [ECF Doc. No. 53, Page ID# 551].

The Plaintiffs cannot expect to introduce Dr. Engum's "professional opinions" to support their Motion for Protective Order while also asserting that Dr. Engum is not an expert.[3] It is clear that Dr. Engum's opinions require a level of expertise that are not common from lay witnesses.[4] The

---

[2] The Plaintiffs also failed to disclose Dr. Engum in their responses to Interrogatories and Requests for Production.

[3] The Plaintiffs' expert disclosures were due on November 16, 2020, and did not include any references to Dr. Engum.

[4] For example, Dr. Engum opines:

> It is Dr. Engum's opinion that Defendant's presence at the depositions will likely, within a reasonable degree of psychological certainty, "exacerbate the problems identified and presently being treated by Mr. Douglas at Thriveworks Counseling and Coaching [and that the] physical presence of the perpetrator in the same room as the deponents increases the risks of rekindling symptoms of PTSD in each of the Slowik family members and of compromising their response to treatment."

[ECF Doc. No. 49, Page ID# 445; ECF Doc. No. 49-1].

Plaintiffs should not be permitted to rely on these "professional opinions" given their absolute failure to disclose Dr. Engum as an expert or a lay witness. *See* Fed. R. Civ. P. 37. Furthermore, Dr. Badiu's Report is devoid of any medical basis for his opinions and only offers ad hominem attacks against the Defendants. Finally, there is no way to evaluate the qualifications of Dr. Engum to determine if he is even qualified to give "psychological opinions."

Based on the foregoing, the Defendants move this Court to strike Dr. Engum's Report, his medical and legal opinions, and any references to this Report contained in the Plaintiffs' Protective Order Reply.

Respectfully submitted this the 14th day of April 2021.

By: /s/Matthew J. Evans
Matthew J. Evans   BPR #017973
Nina M. Eiler   BPR #033457
Kay|Griffin, PLLC
900 S. Gay Street, Suite 1810
Knoxville, Tennessee  37902
(865) 314-8422
Matthew.Evans@kaygriffin.com
Neiler@kaygriffin.com
*Attorneys for Defendants*

/s/Gary M. Prince
Gary M. Prince   BPR #010091
O'Neil Parker & Williamson, PLLC
7610 Gleason Drive, Suite 200
Knoxville, Tennessee  37919
(865) 546-7190
gprince@opw.com
*Attorney for Defendants*

---

Dr. Engum then opines that "having Defendant 'attend the depositions via Zoom video conferencing is the least intrusive, the least provocative, the least threatening, and the least psychologically harmful.'" *Id.* Dr. Engum goes as far as to opine that "plaintiff's counsel, in this psychologist's opinion, appropriately sought postponement of the depositions until the Court could consider the potential psychological harm to each of the Slowik family members and craft appropriate accommodations that might avoid further psychological damage to each of the plaintiffs." [ECF Doc. No. 49-1, Page ID# 458].

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been properly served via ECF Filing upon the following:

Gregory Brown, Esq.
Christopher Field, Esq.
W. Scott Hickerson, Esq.
Lowe Yeager & Brown, PLLC
900 S. Gay Street, Suite 2102
Knoxville, Tennessee 37902

This the 14th day of April 2021.

**KAY|GRIFFIN, PLLC**

By: /s/Matthew J. Evans
Matthew J. Evans