# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| RYAN SLOWIK AND VALERIE SLOWIK<br>Individually and on behalf of their minor<br>Children, A.S. AND T.S.<br><br>　　　Plaintiffs<br><br>v.<br><br>KEITH LAMBERT and SHELLI LAMBERT<br><br>　　　Defendants | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* | No. 3:19-cv-501 |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF VOLUNTARY DIMISSAL WITHOUT PREJUDICE AND MOTION FOR RELIEF UNDER FED. R. CIV. P. 60

The Defendants, Keith Lambert and Shelli Lambert, submit this Response to the Plaintiffs' Notice of Voluntary Dismissal Without Prejudice ("Notice") [ECF Doc. No. 55] and Defendants' Motion for Relief under Fed. R. Civ. P. 60. While the Defendants do not oppose the Plaintiffs' Notice, they do request that this Court impose specific terms and conditions to offset the prejudice the Defendants will suffer from a dismissal without prejudice. While the Defendants recognize that terms and conditions are generally not imposed for voluntary dismissals pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), this case is vastly unique and different from general Fed. R. Civ. P. 41(a)(1)(A)(i) dismissals. Furthermore, pursuant to Fed. R. Civ. P. 60, the Defendants move the Court for a Modified Order to reflect all dismissed causes of action and request an opportunity to file an Answer to the Amended Complaint. In support of the Defendants' position and request, the Defendants aver:

## BACKGROUND

This action arises out of a July 24, 2019, incident in which Mr. Lambert, who was then the Assistant Chief of Police for the University of Tennessee Police Department, mistakenly entered the Plaintiffs' driveway believing it to be his new home. After a brief confrontation between Mr. Lambert

and the Plaintiffs, Mr. Lambert realized he was at the wrong address, apologized to the Plaintiffs several times, and left to go to his newly purchased home in the same cul-de-sac.

Mr. Lambert's honest mistake resulted in the Plaintiffs filing a twenty-two-page Complaint on December 5, 2019 [ECF Doc. No. 1], and amending the Complaint on December 20, 2019 [ECF Doc. No. 10], alleging over fourteen causes of action against Mr. Lambert and Mrs. Lambert, Mr. Lambert's wife who was not even present during the alleged incident.[1] In response to the Plaintiffs' Amended Complaint, on March 6, 2020, the Defendants filed a Partial Motion to Dismiss numerous claims against Mr. Lambert [ECF Doc. No. 15] and a Motion to Dismiss all of the claims against Mrs. Lambert [ECF Doc. No. 17]. On March 29, 2021, this Court issued a Memorandum Opinion and Order dismissing several of the Plaintiffs' claims. [ECF Doc. No. 50].

The Defendants immediately began drafting an Answer to the remaining claims, but noticed that one of the claims raised in Mrs. Lambert's Motion to Dismiss – negligence *per se* as to policies and procedures – was not addressed by the Court's March 29, 2021, Order. On April 6, 2021, the undersigned counsel, Nina Eiler, contacted the Court regarding the ruling on this specific issue for purposes of answering the Amended Complaint and was told that this negligence *per se* claim against Mrs. Lambert was also dismissed but was accidentally left out of the Court's Order. The Court informed Mrs. Eiler that a clarification would be forthcoming. On April 13, 2021, Mrs. Eiler contacted the Court again regarding this clarification and was told that the Court would follow-up on April 14,

---

[1] These causes of action include: Count I – Violations of 42 U.S.C. § 1983 – Keith Lambert; Count II – Violations of 42 U.S.C. § 1983 – Shelli Lambert; Count III – Violations of 42 U.S.C. § 1983 – Conspiracy; Count IV – Negligence – Keith Lambert; Count V – Negligence *Per Se* – Keith Lambert; Count VI – Negligence *Per Se* – Shelli Lambert; Count VII – Assault; Count VIII – False Imprisonment; Count IX – Invasion of Privacy; Count X – Negligent Infliction of Emotional Distress – Shelli Lambert; Count XI – Outrage/Intentional Infliction of Emotional Distress – Keith Lambert; Count XII – Trespass; Count XIII – Spoliation; and Count XIV – Civil Conspiracy.

2021.[2]

At approximately 11:03 a.m. on April 14, 2021, the Plaintiffs filed their Notice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) stating that the Plaintiffs were giving notice "of voluntary dismissal of this action without prejudice, as the Defendants have not yet answered the Amended Complaint, to allow the Slowiks the opportunity to seek additional mental health treatment before proceeding with the claims." [ECF Doc. No. 55].

As mentioned above, the Defendants do not oppose the Notice. However, this event occurred in July 2019, the lawsuit was filed in December 2019, and the Parties have been engaged in extensive litigation since that time including exchanging written discovery, reviewing thousands of pages of documents, disclosing expert witnesses, conducting some depositions, and spending a significant amount of time on drafting and responding to motions. Furthermore, the Defendants have spent an a significant amount of time and expense dealing with the Plaintiffs' failure to cooperate with discovery and party depositions throughout this matter, as is outlined in detail in the Defendants' pending Response to Plaintiffs' Motion for Protective Order [ECF Doc. No. 48], Defendants' pending Motion for Sanctions [ECF Doc. No. 51], and Defendants' pending Reply to the Plaintiffs' Response to the Motion for Sanctions [ECF Doc. No. 56].

Despite the fact that litigation has been ongoing since December 2019, it was only after this Court dismissed several of the Plaintiffs' claims on March 29, 2021, that the Plaintiffs decided to dismiss this matter. While the Defendants do not challenge the dismissal *per se*, it is critical that some terms and conditions be imposed on the Plaintiffs as to refiling in an effort to prevent significant

---

[2] Pursuant to Fed. R. Civ. P. 60(a):

    (a) CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice…

prejudice to the Defendants. Further, pursuant to Fed. R. Civ. P. 60(a) which gives this Court the inherent authority to modify the March 29, 2021 Order, the Defendants move the Court to modify its March 29, 2021, Order on the Motions to Dismiss to reflect all dismissed causes of action and the opportunity to file an Answer to the Amended Complaint to expressly respond to the remaining allegations. As previously stated, the Answer to the Amended Complaint would have been filed, but the Defendants were waiting on the clarification from the Court before it could be submitted.

Based on the foregoing, the Defendants respectfully request that the Court impose the following terms and conditions in order to offset the prejudice the Defendants will suffer from this dismissal without prejudice if the Plaintiffs refile their action:

1. If the Plaintiffs decide to refile their case against Mr. Lambert, Mrs. Lambert, and/or both Mr. and Mrs. Lambert, the case shall be refiled in the Eastern District of Tennessee before this Court, and it must be filed within the time period permitted by law;

2. All previous ruling and entries on the docket for this case shall stand, and if refiled, this case will be in the same procedural posture as when it was dismissed;

3. That the Court rule on the pending Motion for Sanctions [ECF Doc No. 51] and Motion to Exclude testimony of Dr. Eric Engum [ECF Doc. No. 52];

4. All of the Court's rulings contained in its March 29, 2021 [ECF Doc. No. 50] Memorandum Opinion and Order on Mr. Lambert's Partial Motion to Dismiss [ECF Doc. No. 15] and Mrs. Lambert's Motion to Dismiss [ECF Doc. No. 17], and the requested forthcoming Clarification of the Order shall stand, and the Plaintiff shall be barred from raising those dismissed claims in their refiled case;

5. All previous deadlines that have already passed, including the expert disclosure deadline, will not be reinstated or extended in the refiled case; and

6. Pursuant to Fed. R. Civ. P. 41(d), if the Plaintiffs refile their case, the Plaintiffs shall pay all of the costs incurred in the previous action, and the proceedings in the refiled case shall be stayed until the Plaintiffs comply. [3]

---

[3] Pursuant to Fed. R. Civ. P. 41(d):

> d) COSTS OF A PREVIOUSLY DISMISSED ACTION. If a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court:
>
>> (1) may order the plaintiff to pay all or part of the costs of that previous action; and
>>
>> (2) may stay the proceedings until the plaintiff has complied.

Respectfully submitted this the 14th day of April 2021.

By: /s/Matthew J. Evans
Matthew J. Evans   BPR #017973
Nina M. Eiler   BPR #033457
Kay|Griffin, PLLC
900 S. Gay Street, Suite 1810
Knoxville, Tennessee  37902
(865) 314-8422
Matthew.Evans@kaygriffin.com
Neiler@kaygriffin.com
*Attorneys for Defendants*

/s/Gary M. Prince
Gary M. Prince   BPR #010091
O'Neil Parker & Williamson, PLLC
7610 Gleason Drive, Suite 200
Knoxville, Tennessee  37919
(865) 546-7190
gprince@opw.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing has been properly served via ECF Filing upon the following:

Gregory Brown, Esq.
Christopher Field, Esq.
W. Scott Hickerson, Esq.
Lowe Yeager & Brown, PLLC
900 S. Gay Street, Suite 2102
Knoxville, Tennessee  37902

This the 14th day of April 2021.

**KAY|GRIFFIN, PLLC**

By: /s/Matthew J. Evans
Matthew J. Evans