UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| RYAN SLOWIK AND VALERIE, ) <br> SLOWIK, individually and on behalf of ) <br> their minor children, A.S. and T.S., ) <br>   ) <br> Plaintiff, ) <br>   ) <br> v. ) <br>   ) <br> KEITH LAMBERT and SHELLI LAMBERT; ) <br>   ) <br> Defendants. ) | Civil Action No. 3:19-cv-501 |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' IMPROPER MOTION
FOR MISCELLANEOUS RELIEF REGARDING PLAINTIFFS' NOTICE OF
VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

Plaintiffs Ryan Slowik and Valerie Slowik, individually and on behalf of their minor children, A.S. and T.S., (collectively "Plaintiffs" or the "Slowiks"), to the extent necessary and permitted, respectfully submit this response in opposition to "Defendants' Response to Plaintiffs' Notice of Voluntary Dimissal [sic] Without Prejudice," ECF Doc. 58.[1]  The lawsuit is no more, and there is no authority upon which to grant Defendants' improper requests for "terms and conditions" to be appended to the Plaintiffs' dismissal.  Succinctly put, Defendants' filing with respect to the Notice of Voluntary Dismissal is a procedural nullity.  Accordingly, Plaintiffs respectfully ask that the Court deny the Defendants' requested relief.  In support of their position, Plaintiffs rely on the plain language of FED. R. CIV. P. 41 and further show as follows:

---

[1] The instant brief addresses the impropriety of Defendants' response to Plaintiffs' Notice of Voluntary Dismissal and does not address the Motion for Relief Under FED. R. CIV. P. 60 included within the same filing.  *See* ECF Doc. 58.

1

1. On April 14, 2021, Plaintiffs filed a Notice of Voluntary Dismissal pursuant to FED. R. CIV. P. 41(a)(1)(A)(i), dismissing this action without prejudice in order to allow them the opportunity to seek additional mental health treatment before proceeding with their claims. *See* ECF Doc. 55.

2. At the time Plaintiffs filed their Notice of Voluntary Dismissal as a matter of right, Defendants had not answered the Amended Complaint, nor had they moved for summary judgment pursuant to FED. R. CIV. P. 56.[2]

3. After the suit was dismissed and the case was designated as closed, Defendants filed three additional documents, including a purported response to the notice of dismissal.[3]

## ARGUMENT

Pursuant to Rule 41 of the Federal Rules of Civil Procedure, Plaintiffs voluntarily dismissed their claims by notice. *See* ECF Doc. 56. The dismissal was effective upon filing the Notice. *See Wellfount, Corp. v. Hennis Care Ctr. of Bolivar, Inc.*, 951 F.3d 769, 772 (6th Cir.

---

[2] On March 29, 2021, the Court entered an Order denying Defendants' motions to dismiss in part. *See* ECF Doc. 50. As a result, Defendants' Answer was due on April 12, 2021. *See* FED. R. CIV. P. 12(a)(4)(A). Nonetheless, Defendants chose not to answer the Amended Complaint because they felt the March 29, 2021 Order was incomplete. *See* ECF Doc. 58, PageID #: 590. Instead, and without having first filed a FED. R. CIV. P. 60(a) motion, Defendants elected to allow the April 12, 2021 deadline to pass. Now, in response to Plaintiffs having dismissed their claims, Defendants request an opportunity to file an Answer after the fact, claiming that "the Answer to the Amended Complaint would have been filed, but the Defendants were waiting on the clarification from the Court before it could be submitted." ECF Doc. 58, PageID #: 590, 592.

[3] As Plaintiffs noted in their Notice of Voluntary Dismissal (ECF Doc. 55), the Court maintains jurisdiction over ECF Doc. 51. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990); *see also Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 645 (6th Cir. 2006). Accordingly, Plaintiffs expressly preserved their request for a hearing on that issue and further submit that Defendants' Reply on the issue of sanctions (ECF Doc. 56) is permitted. Both ECF Doc. 57 and ECF Doc. 58, however, are improper and should be deemed null and moot on the grounds set forth in the instant filing.

2020) (explaining that a Rule 41(a)(1) notice of dismissal is "self-effectuating" and not subject to review by the court); *see also Aamot v. Kassel*, 1 F.3d 441, 444 (6th Cir. 1993) (holding that "Rule 41(a)(1) explicitly leaves the option to dismiss in the plaintiff's hands; once plaintiff gives his notice, the lawsuit is no more."); WRIGHT & MILLER, 9 Fed. Prac. & Proc. Civ. § 2363 (4th ed.) (Dismissal as a Matter of Right). Thus, the Court designated this matter as closed.

Nonetheless, and without citing any authority, Defendants responded to Plaintiffs' Notice of Voluntary Dismissal by seeking relief that is not contemplated under the law. More specifically, and notwithstanding the fact that "Rule 41(a)(1) preserves [the] unqualified right of the plaintiff to a dismissal without prejudice prior to the filing of [an] answer," *see Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947), Defendants request the Court impose "terms and conditions" on any future refiling once Plaintiffs have obtained additional treatment for the trauma Defendants caused. *See* ECF Doc. 58, PageID #: 591-92. Essentially, Defendants are asking the Court to put down an order in an already dismissed case, finding that any future refiled action must assume the same procedural posture that the dismissed case was in prior to Plaintiffs' Notice of Voluntary Dismissal. *See id.* In support, and without any case citations, Defendants claim they will suffer significant prejudice if the unprecedented relief they request is not granted. *See id.*

The law is clear. Rule 41(a)(1)(A)(i) is unambiguous, and the Sixth Circuit has been blunt in its interpretation of the Rule. FED. R. CIV. P. 41(a)(1) is "a rule of procedure on which parties navigating the shoals of litigation must rely without needless doubt or question. . . ." *Aamot*, 1 F.3d at 444. Put simply, Rule 41(a)(1) "means what it says." *Id.* (quoting *Carter v. United States*, 547 F.2d 258, 259 (5th Cir. 1977)). "Unless a defendant has filed an answer or summary judgment motion, the governing provision is [R]ule 41(a)(1)." *Id.* "Defendants who desire to prevent plaintiffs from invoking their unfettered right to dismiss actions under [R]ule 41(a)(1) may do so

3

by taking the simple step of filing an answer." *Id.* Neither the Rule nor the law interpreting it sanctions a "case-by-case analysis of the amount of effort expended by the defendants" as opposing counsel contemplates. *Id.*

Here, it is undisputed that Defendants did not file an answer or a motion for summary judgment. Accordingly, and because a Rule 41(a)(1) notice of voluntary dismissal is "self-effectuating, leaving no basis upon which a District Court can prevent such a dismissal," this case was "necessarily dismissed without prejudice, effective immediately upon their filing of the notice[ ]." *Id.*; *see also Williams v. Ezell*, 531 F.2d 1261 (5th Cir. 1976) ("At the time plaintiffs filed their [notice] the case was effectively terminated. The court had no power or discretion to deny plaintiffs' right to dismiss or to attach any condition or burden to that right."). Nothing within Defendants' unrecognized filing for miscellaneous relief, including their attempts to absolve themselves of responsibility for not having timely filed an answer, changes that fact.

## **CONCLUSION**

Because a Rule 41(a)(1) notice of dismissal is self-effectuating, complete upon filing, and immediately effective, the "Defendants' Response to Plaintiffs' Notice of Voluntary Dimissal [sic] Without Prejudice" is an improper filing that should be deemed a nullity. Accordingly, and for the reasons set forth herein, the Slowiks request that the Court not only deny the Defendants' requests as unwarranted and moot, but also award them any further relief to which they may be entitled under the circumstances, including, in accordance with 28 U.S.C. § 1927 or the Court's inherent authority, an award of expenses associated with responding to Defendants' improper and untimely filing which contains no citation or reference to authority permitting the same.[4]

---

[4] *See Nisus Corp. v. Perma-Chink Sys.*, No. 3:03-CV-120, 2006 U.S. Dist. LEXIS 76679 at * 34-35 (E.D. Tenn. Oct. 20, 2006) (internal citations omitted) (finding court retained jurisdiction post-dismissal to issue sanctions pursuant to 28 U.S.C. § 1927 or the court's inherent powers).

4

Respectfully submitted this the 23rd day of April, 2021.

                **LOWE YEAGER & BROWN PLLC**

                /s/ W. Scott Hickerson
                Gregory Brown   (BPR # 027944)
                Christopher Field  (BPR # 028070)
                W. Scott Hickerson (BPR # 026369)
                900 S. Gay Street, Suite 2102
                Knoxville, Tennessee 37902
                gb@lyblaw.net
                ccf@lyblaw.net
                wsh@lyblaw.net
                *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2021, a copy of the foregoing Response was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt including but not limited to those identified below. Parties may access this filing through the Court's electronic filing system.

| | |
|---|---|
| Matthew J. Evans (BPR # 017973) | Gary M. Prince (BPR # 010091) |
| Nina M. Eiler (BPR # 033457) | 7610 Gleason Drive, Suite 200 |
| **Kay\|Griffin, PLLC** | **O'Neil Parker & Williamson, PLLC** |
| 900 S. Gay Street, Suite 1810 | Knoxville, Tennessee 37919 |
| Knoxville, Tennessee 37902 | (865) 546-7190 |
| (865) 314-8422 | gprince@opw.com |
| Matthew.Evans@kaygriffin.com | *Attorney for Defendants* |
| Neiler@kaygriffin.com | |
| *Attorneys for Defendants* | |

                /s/ W. Scott Hickerson