UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| RYAN SLOWIK *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | 3:19-CV-00501-DCLC |
| | ) | |
| vs. | ) | |
| | ) | |
| KEITH LAMBERT and SHELLI LAMBERT, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' motion for sanctions against Plaintiffs for failing to attend their properly noticed depositions [Doc. 51], and Defendants' motion for relief filed after Plaintiffs voluntarily dismissed this case without prejudice [Doc. 58]. For the reasons stated herein, the motion for sanctions [Doc. 51] is GRANTED in part and DENIED in part, and the motion for relief [Doc. 58] is DENIED.

**I.   BACKGROUND**

In December 2019, Plaintiffs Ryan and Valerie Slowik ("Plaintiffs" or the "Slowiks") filed this action against Defendants Keith and Shelli Lambert ("Defendants" or the "Lamberts") after Keith Lambert, then Chief Police at the University of Tennessee Police Department, mistakenly entered Plaintiffs' garage and confronted them with verbal threats and a gun [Doc. 1]. As the lawsuit moved forward, the parties engaged in fact discovery, a process which was delayed in part due to the COVID-19 pandemic [*See* "Scheduling Order," Doc. 43]. In late January 2021, after months of scheduling and cancelling Plaintiffs' depositions, the parties agreed to hold them on March 24-25, 2021 [Docs. 51-8; 51-9]. On March 5, 2021, Defendants officially noticed Plaintiffs

to deposition on those dates, and Plaintiffs did not object or indicate they could not attend [Docs. 51-9; 51-12]. The parties did not communicate about Plaintiffs' depositions again until March 23, 2021, the day before they were to begin.

At 5:54 p.m. on March 23, 2021, counsel for Plaintiffs texted counsel for Defendants asking, "will Keith Lambert be at the depositions this week?" [Doc. 51-13]. Defense counsel replied that he would be there [*Id*.]. Counsel for Plaintiffs then asked if the Lamberts would be present at the "kids' depositions as well" to which counsel for Defendants responded he had "not discussed that with [the Lamberts]." [*Id*.]. Counsel for Plaintiffs then texted, "Please instruct [the Lamberts] not to try to speak to our clients tomorrow, and let me know about the kids' depositions, as that may change whether we can go forward with them on Thursday." [*Id*.]. Counsel for Defendants texted back, "we will not agree to a continuance of [the] noticed depositions on this basis." [*Id*.]. At 7:54 p.m. that evening, Plaintiffs' counsel emailed that Plaintiffs would not go forward with the depositions as planned because Plaintiffs were "unable to be in the same room as Mr. Lambert." [Doc. 51-14]. Plaintiffs' counsel suggested alternative means for conducting the depositions, including meeting by Zoom, having Defendants attend by "live-stream" from a "separate conference room," in the same building, or conducting the depositions in a "courtroom or other large room in the federal courthouse" if they could obtain permission [Doc. 51-14]. Counsel for Defendants rejected these proposals, noting that "aside from a complete lack of a basis, there is no Motion for Protective Order filed." [Doc. 51-14]. Defendants' attorney also wrote that Defendants would "seek appropriate sanctions" if Plaintiffs failed to attend the depositions the next day [*Id*.].

At 6:19 a.m. on March 24, 2021, less than three hours before their depositions were to begin, Plaintiffs filed a motion for protective order pursuant to Fed. R. Civ. P. 26(c), requesting

2

that the depositions be had in a "format that protects [Plaintiffs] from being physically in the same room as the Defendants." [Doc. 47, pg. 3]. The motion requested the Court to order the depositions be taken using one of the alternative formats previously suggested via email [Doc. 47, pgs. 2-3]. At 9:00 a.m. Mrs. Slowik did not appear for her scheduled deposition [Doc. 51; Doc. 51-15]. None of the Slowiks appeared for their depositions on the scheduled days. Defendants moved for sanctions for Plaintiffs' failure to appear pursuant to Rule 37 of the Federal Rules of Civil Procedure [Doc. 51].

On March 29, 2021, the Court issued a memorandum opinion and order addressing Defendants' previously filed motion to dismiss for failure to state a claim [Doc. 50]. The order dismissed several of Plaintiffs' claims, but inadvertently omitted analysis of one of Plaintiffs' claims against Defendant Shelli Lambert – negligence *per se* in violation of policies and procedures of the Knoxville Sheriff's Department [Doc. 1, ¶ 117; Doc. 50, pgs. 8-11]. After the order was filed, Defendants "immediately began drafting an Answer to the remaining claims" but did not file it because they were waiting for clarification from the Court on the negligence *per se* claim [Doc. 58, pg. 2]. In the meantime, Plaintiffs filed a notice of voluntary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure and the case was dismissed without prejudice [Doc. 55]. After the case was closed, Defendants filed a response and motion for relief, stating that they did not oppose Plaintiffs' notice of dismissal "per se," but felt they were entitled to certain "terms and conditions" to offset the prejudice they would suffer should Plaintiffs refile the action at a later date [Doc. 58]. That motion and the motion for sanctions[1] remain pending before the Court.

---

[1] *See Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 645 (6th Cir. 2006) ("the Supreme Court has consistently held that federal courts retain jurisdiction over issues—such as sanctions—that are collateral to the merits.").

## II. ANALYSIS

### A. Defendants' motion for sanctions [Doc. 51].

Defendants seek sanctions against Plaintiffs in the form of (1) "all costs" associated with the missed depositions and the filing of the motion for sanctions, (2) an order setting an agreed date and time for the Plaintiffs' depositions, and (3) an order prohibiting Plaintiffs from deposing Defendants until Plaintiffs have been deposed [Doc. 51, pg. 7]. Since the case is now closed, the only remaining sanctions available to Defendants are the costs and attorneys' fees associated with preparing for the missed depositions and writing the motion for sanctions.

Fed. R. Civ. P. 37 provides that the Court may order a party to pay the opposing party's "reasonable expenses, including attorneys' fees," if that party "fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i), -(d)(3). A failure to cooperate with discovery is "not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Here, the discovery sought was Plaintiffs' in-person depositions scheduled in March 2021 [Doc. 51-12]. Plaintiffs raised objections to these depositions on the grounds that they were afraid to be in the same room as Keith Lambert, who planned to attend [Doc. 54, pg. 6]. Defendants argue that Plaintiffs' last-minute objections to Keith Lambert's presence were just a ruse to avoid being deposed. Plaintiffs counter that they were willing to go forward with the depositions with certain accommodations, but Defendants rejected every alternative they offered, necessitating their late-filed motion for a protective order.

Rule 37 makes clear that without the protective order, Plaintiffs' objections to Keith Lambert's attendance at their depositions was not a valid excuse for missing their depositions. Plaintiffs did file a motion for a protective order, albeit only hours before the depositions were to

4

begin. The question is whether Plaintiffs' pending protective order, filed early in the morning on the depositions date, presented a sufficient excuse for their failure to appear under Rule 37.

The rule governing protective orders provides in relevant part:

> A party . . . from who discovery is sought may move for a protective order[.] The court may, for good cause, issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following[:]
>
> (E) designating the persons who may be present while the discovery is conducted.

Fed. R. Civ. P. 26(c)(1).

The Court does not question Plaintiffs' stated fear of Defendant Keith Lambert, nor does it question that Plaintiffs were lawfully entitled to seek a protective order requesting he not attend their depositions under Fed. R. Civ. P. 26. However, the Court does question the timing of the filing. Plaintiffs filed the motion at 6:19 a.m. on March 24, 2021, less than three hours before the depositions were scheduled to begin. These depositions had been scheduled and confirmed for nearly two months, which was ample time for Plaintiffs to express their fears and concerns about being in the same room with Keith Lambert. Even before the March depositions were scheduled, Plaintiffs knew they would be deposed as early as November 2020 [Doc. 51-2]. Yet they waited until the day before their depositions to raise concerns about Keith Lambert's presence.

Plaintiffs acknowledge that their depositions were "set by agreement," and that they did not raise their fears until the evening before the depositions [Doc. 54, pg. 6]. Plaintiffs explain that they began to "experience several symptoms of PTSD" the night before the depositions when their attorney informed them that Keith Lambert would likely attend [Doc. 54, pg. 7]. It was "after witnessing this reaction from their clients" that counsel for Plaintiffs reached out to Defendants seeking alternatives [Doc. 54, pgs. 6-7]. While this may be true, it does not explain Plaintiffs' failure to raise concerns about being deposed in Keith Lambert's presence before March 23, 2021.

5

Plaintiffs claim they have suffered from PTSD since Keith Lambert threatened them in their garage on July 24, 2019 [See Docs. 47, pg. 1; Doc. 54, pg. 4], and Plaintiffs knew they would be deposed in this matter as early as November 2020. Yet they never sought to exclude Keith Lambert through negotiations or protective order prior to this date.

The Court might have found Plaintiffs' requests for alternative forms of deposition reasonable had Plaintiffs given Defendants more than a few hours to accommodate them or had they filed for a protective order even a few days earlier. *See, e.g. Wesselmann v. Tyson Foods, Inc.,* 2016 WL 6986683, at *1-*3 (N. D. Iowa November 28, 2016) (granting protective order excluding opposing party from employee's deposition when she filed the motion seven days before the scheduled deposition, allowing the court time to conduct a hearing on the matter); *DeLuca v. Gateways Inn, Inc.,* 166 F.R.D. 266 (D. Mass. 1996) (granting protective order to conduct deposition "with limitations," after consideration and a hearing on the motion, when motion for protective order was filed four days before deposition was to take place). But Plaintiffs did not inform Defendants of any potential problems until the night before the depositions and did not file for a protective order in time for the Court to conduct even an expedited hearing on the matter. Instead, Plaintiffs requested alternate forms for their depositions too late for the Court to intervene, and too late for Defendants to accommodate them. Further, Plaintiffs could have raised concerns about Keith Lambert when the parties negotiated an agreed protective order in late January, but they failed to do so [Doc. 42; Doc. 48-9, pg. 1].

"[Fed. R. Civ. P.] 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980) (internal quotation marks and citation omitted). Despite this deterrent function, discovery

6

Case 3:19-cv-00501-DCLC-DCP   Document 60   Filed 10/26/21   Page 6 of 12   PageID #: 604

sanctions are often times "designed to reimburse the moving party rather than to punish the opposing party." *Remington Prod., Inc. v. N. Am. Philips Corp.,* 107 F.R.D. 642, 644 (D. Conn. 1985) (internal quotation marks and citations omitted). Here, sanctions are appropriate to reimburse Defendants for the costs they incurred preparing for Plaintiffs' depositions, since Plaintiffs unilaterally prevented the depositions from going forward by raising objections at the last minute and then failing to appear.

When sanctions are appropriate under Rule 37, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). Plaintiffs argue their failure to attend depositions was "substantially justified as the Defendants unreasonably refused to accommodate them and because Defendants' refusal necessitated a Motion for Protective Order." [Doc. 54, pg. 3]. As discussed above, this argument is not persuasive because Plaintiffs did not give Defendants a reasonable amount of time to consider or provide the requested accommodations. Nor have Plaintiffs shown any sudden change in circumstances that would justify the need to reschedule the depositions at the last minute with no notice or warning. Plaintiffs' failure to attend the depositions was therefore not substantially justified. For these reasons, Defendants' motion for sanctions is GRANTED in part and DENIED in part.[2] The Court will award sanctions to Defendants in the form of reasonable costs and attorney's fees associated with the missed depositions of March 24-

---

[2] To the extent the motion for sanctions [Doc. 51] requests the Court to schedule Plaintiffs' depositions and to prohibit Plaintiffs from deposing Defendants, those portions of the motion are DENIED as MOOT because this action has been voluntarily dismissed [Doc. 55].

7

25, 2021 and with the filing of the motion for sanctions.[3]

**B.    Defendants' motion for relief [Doc. 58].**

Also before the Court is Defendants' motion for relief filed after the case was dismissed [Doc. 58].  On April 14, 2021, Plaintiffs filed a notice of voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) "to allow the Slowiks the opportunity to seek additional mental health treatment before proceeding with the claims." [Doc. 55]. Rule 41 provides that "a plaintiff may dismiss an action without a court order by filing [a] notice of dismissal before the opposing party serves either an answer or a motion for summary judgement[.]" Defendants do not dispute that they never filed an answer or motion for summary judgment, and they do not object to Plaintiffs' voluntary dismissal of the case [Doc. 58].  They do, however, request the Court to "impose specific terms and conditions to offset the prejudice the Defendants will suffer from a dismissal without prejudice." [Doc. 58, pg. 1].

Defendants cite to no case law that would support a Court ordered imposition of terms and conditions after a voluntary dismissal pursuant to Rule 41.  Instead, they explain they did not file an Answer because they were waiting for clarification from the Court on the omitted negligence *per se* claim against Shelli Lambert [Doc. 58, pgs. 2-3].  They also cite the "significant amount of time and expense" they incurred litigating this action, including their frustration with Plaintiffs' "failure to cooperate with discovery and [depositions] throughout this matter." [Doc. 58, pg. 3]. Finally, they complain that "it was only after this Court dismissed several of Plaintiffs' claims"

---

[3]    The Court recognizes that Plaintiffs requested a hearing on the motion for sanctions in their notice of voluntary dismissal [Doc. 55, pg. 1].  However, an oral hearing is not necessary when, as in this case, the parties have fully briefed the issue. *See Sun River Energy, Inc. v. Nelson*, 800 F.3d 1219, 1230 (10th Cir. 2015) (when a court is considering sanctions pursuant to Fed. R. Civ. P. 37 "[a]n opportunity to be heard does not require an oral or evidentiary hearing on the issue; the opportunity to fully brief the issue is sufficient . . . .").

that Plaintiffs decided to dismiss the case [Doc. 58, pg. 3]. Defendants argue that for these reasons they are entitled to several "terms and conditions"[4] to protect their interests should Plaintiffs refile this case. Plaintiffs counter that the Court has "no authority" to grant these "improper requests for 'terms and conditions'" because the Rule 41 voluntary dismissal was "self-effectuating, complete upon filing, and immediately effective" in closing the case upon filing [Doc. 59, pg. 1].

"[Fed. R. Civ. P.] 41(a)(1) explicitly leaves the option to dismiss in the plaintiff's hands; once plaintiff gives his notice, the lawsuit is no more." *Aamot v. Kassel*, 1 F.3d 441, 444 (6th Cir. 1993); *see also Wellfount, Corp. v. Hennis Care Ctr. of Bolivar, Inc.*, 951 F.3d 769, 772 (6th Cir. 2020) ("[A] notice of dismissal under Rule 41(a)(1) is self-effectuating and never subject to review[.]"). Here, there is no dispute that Plaintiffs properly filed their notice of dismissal before Defendants filed either an answer or a motion for summary judgment. Defendants claim this case is "vastly unique and different" from other cases dismissed under Rule 41 but provide nothing to support this assertion other than the time, expense, and frustrations typical of complex litigation. Therefore, pursuant to the clear language of Rule 41, the Court finds Plaintiffs' notice of dismissal was effective as soon as it was filed and is not subject to the Court's review. *See Aamot*, 1 F.3d at

---

[4] Specifically, Defendants request the following: "1. If the Plaintiffs decide to refile their case against Mr. Lambert, Mrs. Lambert, and/or both Mr. and Mrs. Lambert, the case shall be refiled in the Eastern District of Tennessee before this Court, and it must be filed within the time period permitted by law; 2. All previous ruling and entries on the docket for this case shall stand, and if refiled, this case will be in the same procedural posture as when it was dismissed; 3. That the Court rule on the pending Motion for Sanctions [ECF Doc No. 51] and Motion to Exclude testimony of Dr. Eric Engum [ECF Doc. No. 52]; 4. All of the Court's rulings contained in its March 29, 2021 [ECF Doc. No. 50] Memorandum Opinion and Order on Mr. Lambert's Partial Motion to Dismiss [ECF Doc. No. 15] and Mrs. Lambert's Motion to Dismiss [ECF Doc. No. 17], and the requested forthcoming Clarification of the Order shall stand, and the Plaintiff shall be barred from raising those dismissed claims in their refiled case; 5. All previous deadlines that have already passed, including the expert disclosure deadline, will not be reinstated or extended in the refiled case; and 6. Pursuant to Fed. R. Civ. P. 41(d), if the Plaintiffs refile their case, the Plaintiffs shall pay all of the costs incurred in the previous action, and the proceedings in the refiled case shall be stayed until the Plaintiffs comply." [Doc. 58, pg. 4].

444 (Fed. R. Civ. P. 41(a)(1) is "a rule of procedure on which parties navigating the shoals of litigation must rely without needless doubt or question" because it "means what it says."). Accordingly, this lawsuit is "no more," and the Court does not have the authority to grant Defendants' requested relief on these bases.

Defendants also move for relief pursuant to Fed. R. Civ. P. 60, requesting the Court issue a "Modified Order" addressing the omitted ruling on the negligence *per se* claim against Shelli Lambert and granting Defendants an opportunity to file an Answer to Plaintiffs' amended complaint. Fed. R. Civ. P. 60 provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60 (a). Rule 60(a) allows a court to amend a judgment that "misrepresents what the court meant to state," or "to ensure that the court's purpose is fully implemented" after a judgment has been entered. *Garamendi v. Henin*, 683 F.3d 1069, 1078 (9th Cir. 2012). A court may invoke Rule 60(a) "to make a judgment reflect the actual intentions of the court, plus the necessary implications." *Id*.

Here, there is no ambiguous final judgment that must be implemented or enforced between the parties that could be cured by a modified order. Even if the Court were to modify its order to add a ruling on the omitted negligence *per se* claim, the Court would not have the power to allow Defendants to file an Answer because Plaintiffs have properly dismissed the case. The Court therefore declines to issue a modified order addressing the negligence *per se* claim.

Defendants also request that the Court order Plaintiffs to pay all costs incurred in this action should Plaintiffs refile this case, pursuant to Rule 41(d) of the Federal Rules of Civil Procedure [Doc. 58, pg. 4]. Fed. R. Civ. P. 41(d) provides:

> [I]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court [] may order the plaintiff to pay all or part of the costs of that previous action[.]

Fed. R. Civ. P. 41(d)(1)-(2). Rule 41(d) is meant to "serve as a deterrent to forum shopping and vexatious litigation" by preventing plaintiffs from voluntarily dismissing a case under Rule 41(a) only to bring the same claims in another venue hoping for a more favorable result. *Esquivel v. Arau,* 913 F. Supp. 1382, 1386 (C. D. Cal. 1996). But Rule 41(d) does not give courts discretion to order a plaintiff to pay costs in future litigation that has not yet occurred. Rule 41(d) grants courts discretion to award costs against a plaintiff only *if* he files another action against a defendant based on the same claims. Here, Plaintiffs have not brought any new claims against Defendants in this or any other forum since this case was dismissed. In the event Plaintiffs do bring the same claims against Defendants in the future, it will be for the presiding court in that action to decide whether to order costs pursuant to Rule 41(d). Therefore, the relief requested pursuant to Rule 41(d) is denied.

None of Defendants' requests for relief, save a ruling on the pending motion for sanctions discussed above, is warranted. For these reasons, Defendants' motion for relief [Doc. 58] is DENIED.

## III.   CONCLUSION

For the above stated reasons, Defendants' motion for sanctions [Doc. 51] is **GRANTED** in part and **DENIED** in part. Defendants' requests that the Court set an agreed date and time for Plaintiffs' depositions and prohibit Plaintiffs' counsel from deposing Defendants until Plaintiffs have been deposed are **DENIED as MOOT**. Defendants' request for sanctions in the form of reasonable costs associated with preparing for the missed depositions and the filing of the motion

for sanctions is **GRANTED**, contingent upon the Court finding said costs are reasonable.[5] Accordingly, Defendants are **ORDERED** to provide the Court a bill of costs associated with the missed depositions of March 2021, and for preparing the motion for sanctions by **November 5, 2021.** Defendants' motion for relief [Doc. 58] is **DENIED**.

SO ORDERED:

s/Clifton L. Corker
United States District Judge

---

[5] *See Gordon v. New England Tractor Trailer Training School*, 168 F.R.D. 178, 180 (D.Md.,1996) (granting a Rule 37(d) motion for sanctions and noting that Rule 37(d) "implicitly requires [the] Court to make a finding that the attorney's fees and costs [requested] are reasonable before ordering Plaintiff to pay [them.]").